UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELLY CORPORATION,

        Plaintiff,        Case No. 05-CV-74444-DT

vs.        Hon. Arthur J. Tarnow
        Magistrate Judge Steven D. Pepe

GUARDIAN INDUSTRIES, CORP., et. al.,

        Defendants.

_____/

**<u>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (Dkt. #22)</u>**

Plaintiff's Motion For Protective Order was referred for hearing and determination pursuant to 28 U.S.C. 636(b)(1)(A). Plaintiff seeks a protective order that would allow Alex Porat, in-house counsel for Plaintiff's patent corporation access to information that is designated as "Highly Confidential." Mr. Porat had no involvement in obtaining the patent, or product development involving it or related bonded glass hardware business. His involvement is as in-house counsel with oversight responsibilities on this matter and other litigation. A telephonic hearing was held on November 21, 2006. For the reasons stated on the record, IT IS ORDERED THAT Plaintiff's motion is DENIED WITHOUT PREJUDICE.

In brief, this matter involves Plaintiff's allegations that defendant Guardian has in the past been and still is infringing the U.S. Letters Patent No. 5,551,197, by making, importing, using, selling, and/or offering for sale in and to the U.S. products incorporating hinged vehicle windows embodying the patented invention of the 197 Patent. The parties have agreed to a stipulated protective order on all issues, except one: with respect to information that is

1

designated as "Highly Confidential."

Motions to stay discovery may be granted pursuant to Fed.R.Civ.P. 26 (c), and the moving party bears the burden of showing good cause and reasonableness. *Howard v Galesi*, 107 F.R.D. 348 (S.D.N.Y. 1985). Preliminarily, courts do not generally grant protective orders without a strong showing of "good cause." *Wyatt v Kaplan*, 686 F.2d 276, 283 (5th. Cir.1982); *Howard v Galesi*, 107 F.R.D. 348, 350 (D.C.N.Y. 1985). Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems. *Simpson v Retail Concepts, Inc.*, 121 F.R.D. 261,263 (M.D.N.C., 1988).

In the present case, Plaintiff has failed to establish sufficient good cause. There is a question of need as to the access of the information. Plaintiff contends that Guardian's overarching objection to disclosure to a designated in-house counsel is arbitrary especially where the proposed protective order provides safeguards against disclosure. Under the terms of Paragraph 8( c) of Plaintiff's proposed protective order, access to Highly Confidential Information would be limited to one in-house attorney for the sole purpose of litigating this action. Defendants are opposed to the motion because they argue that there is no credible need for the in-house counsel to have access to such information. Defendant further opposes the motion on the basis that there is a significant risk that the information will cause harm to Defendant because of the competition between the two companies.

In *U.S. Steel Corp*. V. U.S., 730 F.2d 1465 (Fed. Cir. 1984), the Federal Circuit held that "denial or grant of access, however, cannot rest on a general assumption that one group of lawyers are more likely or less likely inadvertently to breach their duty under a protective order."

2

Id. at 1468.  Therefore, whether an "unacceptable opportunity for inadvertent disclosure exists, must be determined by the facts on a counsel by counsel basis and "cannot be determined solely by giving controlling weight to the classification of counsel as in-house rather than retained."  Id. Yet in *U.S. Steel* it is apparent that the in house counsel was the lawyer experienced with the long pending and complicated case and "forcing [U.S. Steel] to rely on newly retained [outside] counsel would create and extreme and unnecessary hardship."  *Id.*. At 1468.

As noted in *Brown Bag Software v. Symantec Corp*. 960 F.2d 1465, 1471 (9th Cir.1992), and other cases cited by Defendant the analysis with regard to access to highly confidential documents relates not only to the risk of inadvertent disclosure, but also to the need of the in-house attorney to have access to the documents.  In *Brown Bag*, while in-house counsel was apparently more intimately involved in the litigation than Mr. Porat is in this case, the court upheld a limited screening procedure by an independent outside counsel prior to disclosure to in-house counsel as needed by the demands of the case.  The Court noted "the nature of the claims and of a party's opportunity to develop its case through alternative discovery procedures factors into decisions on the propriety of such protective orders." *Id.* at 1479.

Plaintiff has highly competent and experienced outside-counsel who have full familiarity with this case, unlike the situation in *U.S. Steel* where new outside counsel were brought on board.  Defendant's response brief challenged the need for Mr. Porat to have access to information that is designated as "Highly Confidential."  Yet, it was not until the hearing on this matter that Plaintiff's counsel asserted that Mr. Porat's knowledge of chemical applications and his taking of depositions was a significant factor.  It is not apparent this is a real need, given the fact Plaintiff will be using experts and has experienced and scientifically sophisticated outside-

3

counsel.  Thus,  I am not convinced that there is a need for the in-house counsel to have access to all of the highly confidential discovery information, nor has Plaintiff shown a significant need for such unrestricted access that cannot be otherwise accommodated.

Accordingly, Plaintiff's motion for a protective is hereby DENIED WITHOUT PREJUDICE to their making a request to defense counsel for a limited metrification of the protective order on specific "highly confidential" items that Mr. Porat may actually need to see in order to further the progress or to facilitate the consensual resolution of this case.  This is somewhat like the screening process used in *Brown Bag*.  If this limited access request based on an expressed need is not resolved by the parties, Plaintiff's counsel shall notify  my courtroom deputy clerk to request an expedited motion and hearing as well as a briefing schedule.  Then the matter of limited access can be undertaken with a more specific focus on the items to be disclosed, the reasons for the needs and the protections against their disclosure or other misuse.

Dated: November 22, 2006                                           s/Steven D. Pepe
                                                                                        United States Magistrate Judge

CERTIFICATE OF SERVICE

      I hereby certify that on November 22, 2006, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>Jeffrey G. Heuer, Eric H. Lipsitt, Sara Klettke MacWilliams, Patrick M. McCarthy, Jeffrey A. Sadowski</u>, and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: <u>not applicable</u>

                                        <u>s/ James P. Peltier</u>
                                        James P. Peltier
                                        Courtroom Deputy Clerk
                                        U.S. District Court
                                        600 Church St.
                                        Flint, MI 48502
                                        810-341-7850
                                        pete_peliter@mied.uscourts.gov