UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELLY CORPORATION,
a/k/a MAGNA DONNELLY,

        Plaintiff,        CASE NO. 05-74444

vs.        HONORABLE ARTHUR J. TARNOW
        HONORABLE STEVEN D. PEPE

GUARDIAN INDUSTRIES CORP.,
GUARDIAN AUTOMOTIVE CORPORATION,
GUARDIAN AUTOMOTIVE PRODUCTS, INC.,
GUARDIAN INDUSTRIES DISTRIBUTION
CENTER, INC., and GUARDIAN GLASS COMPANY,

        Defendants.

_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (DKT. #36) AND
PLAINTIFF'S MOTION TO COMPEL 30(b)(6) DEPOSITIONS (DKT. #40)
AND
DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER (DKT. #38)**

On December 11, 2006, Plaintiff filed its Motion To Compel Discovery And For Sanctions stating Defendants have failed to produce documents, failed to answer interrogatories, failed to permit an inspection of its facilities, failed to provide corporate designees and failed to timely schedule depositions (Dkt. #36). Defendants subsequently filed its motion for a protective order to temporarily prevent access by Donnelly to certain Guardian technical trade secrets and confidential information pending further court proceedings in a state court matter

1

involving the same fact pattern and same attorneys (Dkt. #38).[1] On December 22, 2006, Plaintiff also filed its motion to compel rule 30(b)(6) depositions. All motions was referred for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A). A hearing was held on January 25, 2007, in which unresolved issues were addressed.

Defendants indicated they withheld certain documents from production until after such time as Plaintiff provided a list of trade secrets in the Ottawa County Circuit Court case out of concern that documents provided before such action could prejudice their case in federal court. Specifically, Defendants feared that once Plaintiff had seen confidential details of Guardian's products and processes in the federal case, there would be no way to determine whether Donnelly's submitted list of trade secrets in the state case had not been unfairly influenced by that information. At the hearing, the parties indicated that a revised list of trade secrets had been provided to Ottawa County Circuit Court Judge Edward Post, and Plaintiff's counsel gave assurances that there would be no additions to that list before the January 29, 2007, deadline for submission. Thus, both parties are prepared to proceed with their discovery obligations in this case.[2]

For reasons stated on the record and indicated below **IT IS ORDERED THAT**:

1. On or before January 26, 2007, Defendants shall produce all documents and items requested in Plaintiff's First Request For Production of Documents dated July 28, 2006, except

---

[1] In the instant federal case, Donnelly accuses Guardian of Patent infringement, and in the state court matter before Judge Post, Donnelly alleges Guardian misappropriated Donnelly's trade secrets. *See Magna Donnelly Corporation v. Guardian Industries Corporation, et al.*, Ottawa Co. Cir. Court, Case No. 06-56237-CK.

[2] Because Plaintiff has filed its revised list of trade secrets in the Ottawa County Circuit Court case, Defendants' motion for a protective order is rendered moot and is hereby **DENIED.**

those for which Defendants' counsel claims privilege or has otherwise noted objections.

    2.    On or before January 31, 2007, Defendants shall supplement their responses to Plaintiff/Counter Defendant's First Interrogatories to Defendants dated September 21, 2006.

    3.    On or before January 31, 2007, Defendants shall provide Plaintiff with dates upon which Plaintiff may enter and inspect the premises belonging to or in control of each Defendant sought in Plaintiff/Counter-Defendant Magna Donnelly's Requests Pursuant to Fed. R. Civ. P. 34(a)(2) served August 22, 2006. Defendants shall provide dates for inspections that are no later than February 9, 2007, or such date as agreed to by Plaintiff's counsel.

    4.    On or before January 31, 2007, Defendants shall provide Plaintiff with dates on which the depositions of Joseph Abruzzi, Duane Recker and Raymond Lendes can proceed pursuant to Plaintiff's Notices of Taking Depositions dated November 22, 2006. Defendants' shall provide dates for depositions that are no later than February 16, 2007, or such date as agreed to by Plaintiff's counsel.

    5.    On or before January 31, 2007, in response to Plaintiff's two Fed. R. Civ. P. 30(b)(6) Deposition Notices served November 21, 2006, Defendants shall designate in writing to Plaintiff (1) one or more officers, directors, or managing agents, or other persons who consent to testify on each of the Defendant companies' behalf, and the matters on which each person shall testify, and (2) dates for the depositions to occur. Defendants' shall provide dates for depositions that are no later than February 16, 2007, or such date as agreed to by Plaintiff's counsel.

Defendants shall produce witnesses that are prepared with *due diligence,* to be informed and prepared to give testimony to the fullest extent reasonably possible. If Defendants seek to

add new theories, defense claims or counter claims later in this litigation, they will be required to demonstrate to the Court reasonable cause for why, with the exercise of due diligence, that information or person was not previously available. Failure to provide sufficient justification may result in those theories or claims being deemed waived and barred.

6. If during discovery either side identifies a document or item they anticipate they may wish to challenge on authenticity grounds, they shall give notice to opposing counsel within (7) calendar days of that document or item subject to a foundation challenge for lack of authenticity.

7. For those items over which either party claims privilege, they shall provide opposing counsel with a privilege log which for each document withheld should identify:

      i. The author(s) and all recipients, along with their capacities/roles/positions.

      ii. The nature of the privileged asserted.

      iii. The subject matter.

      iv. The date created and the length of the document.

      v. The purpose of the document.

      vi. Why the document is believed to be privileged or otherwise immune from discovery.

These categories, especially the last, must be sufficiently detailed to allow the opposing counsel the ability to intelligently challenge and argue that the privilege does not exist, and the Court the ability to determine whether the discovery opponent has discharged its burden of establishing the privilege. While such detail may be burdensome, it will provide the basis for a more accurate evaluation of the discovery opponent's claims. The following examples (which

are non-exhaustive) are insufficient to establish privilege: "letter re: claim"; "analysis of claim"; "report in anticipation of litigation."

    4.      The Court has calendered March 1, 2007, for a follow up status conference, and/or hearing, if necessary.[3]

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

**SO ORDERED.**

Date: January 26, 2007                                s/Steven D. Pepe
Ann Arbor, Michigan                             United States Magistrate Judge

CERTIFICATE OF SERVICE

      I hereby certify that on January 26, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Shuaib Atique; Jeffrey G. Heuer; Kristopher K. Hulliberger; Eric H. Lipsitt; Patrick J. McCarthy; Jeffrey A. Sadowski, and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: not applicable

                                                           s/ Ruth A. Brissaud
                                                           Ruth A. Brissaud
                                                           Courtroom Deputy Clerk

---

[3] If the parties wish, they may file with the Court a joint statement of resolved and unresolved issues on or before February 22, 2007. No other filings are permitted for the purposes of this conference.