UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELLY CORPORATION,
a/k/a MAGNA DONNELLY,

        Plaintiff,        Case No. 05-74444

vs.        Honorable Arthur J. Tarnow
        Honorable Steven D. Pepe

GUARDIAN INDUSTRIES CORP.,
GUARDIAN AUTOMOTIVE CORPORATION,
GUARDIAN AUTOMOTIVE PRODUCTS, INC.,
GUARDIAN INDUSTRIES DISTRIBUTION
CENTER, INC., and GUARDIAN GLASS COMPANY,

        Defendants.
_____/

**ORDER MODIFYING JANUARY 26 ORDER REGARDING PLAINTIFF'S
MOTION TO COMPEL (DKT. #36),
PLAINTIFF'S MOTION TO COMPEL 30(b)(6) DEPOSITIONS (DKT. #40),
AND
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER (DKT. #38)**

On January 25, 2007, a hearing was held on Plaintiff's motion to compel discovery and for sanctions (Dkt. #36), Defendants' motion for a protective order (Dkt. #38) and Plaintiff's motion to compel rule 30(b)(6) depositions (Dkt. # 40). A order resulted from that hearing on January 26, 2007, on what was believed to be the unresolved issues (Dkt. #53). On January 31, 2007, Defendants filed objections to that order, specifically paragraphs 2-5, due to inconsistencies with a January 22 agreement between the parties (Dkt. #54). On the same day they filed their objections, Defendants also undertook the courtesy of arranging for a conference

call to resolve the matter without the need for a ruling on the objections. That conference was held on February 1, 2007, and **IT IS ORDERED THAT** paragraphs 2-5 of the January 26, 2007, order (Dkt. #53) are modified as follows:

    1. The paragraph numbered as "2." is amended to read:

> Both parties agreed that on or before February 16, 2007, both parties shall engage in a mutual exchange of supplemental interrogatory answers. Because the parties resolved this issue prior to the hearing Plaintiff's Motion To Compel Discovery And For Sanctions is **DENIED** as moot as it pertains to requests for supplemental interrogatory answers.

    2. The paragraph numbered as "3." is amended to read:

> On or before January 31, 2007, Defendant shall provide Plaintiff with a written list of proposed dates for the requested inspection for Defendants' facilities to take place. The parties have agreed that Plaintiff needs to inspect only one particular Guardian facility and that said inspection shall be coordinated to occur simultaneously with the inspection conducted for the Ottawa County matter. Because the parties resolved this issue prior to the hearing Plaintiff's Motion To Compel Discovery And For Sanctions is **DENIED** as moot as it pertains to requests for inspections.

    3. The paragraph numbered as "4." is amended to read:

> Prior to the hearing, the parties agreed that, by January 31 2007, Guardian will provide proposed dates for the depositions of Messrs. Landes and Recker (Joseph Abbruzzi's deposition having occurred on January 11, 2007) pursuant to Plaintiff's Notices of Taking Depositions dated November 22, 2006. Therefore, Plaintiff's Motion To Compel Discovery And For Sanctions is **DENIED** as moot as it pertains to requests for depositions of Joseph Abbruzzi, Duane Recker and Raymond Landes.

    4. The first paragraph of the two paragraphs numbered as "5." is amended to read:

> Defendant shall provide designees and dates for Topics 1-4 and 6-9

of Plaintiff's Second 30(b)(6) Notice. Plaintiff shall clarify Topics 3-8 of its First Notice and Topic 5 of its Second Notice by February 1, in response to which Defendant shall provide designees and dates for these topics in 7 calendar days. Plaintiff's Motion to Compel 30(b)(6) depositions is **DENIED IN PART** as moot as it pertains to the portions of Plaintiff's motion that were resolved prior to the hearing and **GRANTED IN PART** as it pertains to the Court's ruling that Defendant shall provide designees and dates for Topics 1 and 2 of Plaintiff's First 30(b)(6) Notice.

The remainder of the January 26 order is not modified.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

**SO ORDERED.**

Date: February 2, 2007                                                s/Steven D. Pepe
Ann Arbor, Michigan                                                   United States Magistrate Judge


CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Shuaib Atique, Jeffrey G. Heuer, Kristopher K. Hulliberger, Eric H. Lipsitt, Patrick M. McCarthy, Jeffrey A. Sadowski and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: not applicable

s/ James P. Peltier
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete_peliter@mied.uscourts.gov

3