UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELLY CORPORATION,

        Plaintiff,                        Case No. 05-74444

vs.                                             HONORABLE ARTHUR J. TARNOW
                                                  MAGISTRATE JUDGE STEVEN D. PEPE

GUARDIAN INDUSTRIES, CORP., et. al.,

        Defendants.

_____/

**ORDER QUASHING IN PART PLAINTIFF'S NOTICE OF INSPECTION**

On December 11, 2006, Plaintiff filed its Motion To Compel Discovery And For Sanctions stating Defendants have failed to produce documents, failed to answer interrogatories, failed to permit an inspection of its facilities, failed to provide corporate designees and failed to timely schedule depositions (Dkt. #36). Plaintiff's motion was referred for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A) and orders pertaining to Plaintiff's motion were entered (Dkt. #55 & #56). In regards to inspections, it was ordered that:

> On or before January 31, 2007, Defendant shall provide Plaintiff with a written list of proposed dates for the requested inspection for Defendants' facilities to take place. The parties have agreed that Plaintiff needs to inspect only one particular Guardian facility and that said inspection shall be coordinated to occur simultaneously with the inspection conducted for the Ottawa County matter. Because the parties resolved this issue prior to the hearing Plaintiff's Motion To Compel Discovery And For Sanctions is DENIED as moot as it pertains to requests for inspections.

On February 7, 2007, Plaintiff contacted the Court and requested an "emergency" conference because Defendants' counsel objected to Mr. Lewno's participation as an expert in

1

the inspection of Defendants' facilities scheduled for February 9, 2007. A telephone conference was held on February 7, 2007, and Defendants stated on the record that they objected to Mr. Lewno's participation due to his consulting work with their clients' competitors. For the reasons stated on the record, **IT IS ORDERED THAT**:

    1.    Plaintiff's Notice of Inspection is quashed in part as it pertains to Mr. Lewno. He is barred, until further order of this Court, from participating in inspections of Defendants' facilities.

    2.    In the absence of mutual agreement, further hearing or submissions are needed to make a final determination on either side selecting an expert for inspections who engages or may engage in consulting work with a direct competitor of the opposing parties where confidential information obtained in this litigation may be used to benefit that third party competitor. While subject to possible rebuttal, Defendant – given the time constraints and circumstances – proffered a sufficient prima facie showing to bar Mr. Lewno's participation for the present.

If either party seeks to revisit this issue, they shall provide briefs, supporting documents and affidavits presenting the applicable law and standards, description of specific technology and confidential information at issue, and the degree of difficulty associated with securing experts who do not engage or will not engage in consulting work with the opposing parties direct competitors. The decision on whether an evidentiary hearing is needed will be deferred. In the event the Court then decides to allow experts currently barred by this order to participate in inspections, Mr. Lewno will be given the opportunity to personally inspect Defendants' facilities.[1]

---

[1] Defendants' counsel, Mr. Hales, stated on the record that he has no objection to such an inspection should the Court decide to allow Mr. Lewno's participation.


**SO ORDERED.**

Dated: February 8, 2007                                  s/Steven D. Pepe
                                                        United States Magistrate Judge

CERTIFICATE OF SERVICE

      I hereby certify that on February 8, 2007, I electronically filed the foregoing paper with the Clerk  Court using the ECF system which will send electronic notification to the following: Jeffrey G. Heuer, Eric H. Lipsitt,  Patrick M. McCarthy, Jeffrey A. Sadowski, Shuaib Atique, Kristopher K. Hulliberger, and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: not applicable

                                              s/ James P. Peltier
                                                        James P. Peltier
                                                        Courtroom Deputy Clerk
                                                        U.S. District Court
                                                        600 Church St.
                                                        Flint, MI 48502
                                                        810-341-7850
                                                        pete_peliter@mied.uscourts.gov