UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAGNA DONNELLY,
a/k/a, DONNELLY CORPORATION

        Plaintiff,        CASE NO. 05-74444

vs.        HONORABLE ARTHUR J. TARNOW
        HONORABLE STEVEN D. PEPE

GUARDIAN INDUSTRIES CORP.,
GUARDIAN AUTOMOTIVE CORPORATION,
GUARDIAN AUTOMOTIVE PRODUCTS, INC.,
GUARDIAN INDUSTRIES DISTRIBUTION
CENTER, INC., and GUARDIAN GLASS COMPANY,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT (DKT. #69)
AND
ORDER DENYING DEFENDANTS' EMERGENCY MOTION FOR A HEARING ON
GUARDIAN'S MOTION TO LIMIT THE NUMBER OF ASSERTED CLAIMS AND
<u>MOTION FOR A PROTECTIVE ORDER (DKT. #109)</u>**

On March 30, 2007, Plaintiff filed its "Motion For Contempt Of Court And For Sanctions Against Defendants"stating Defendants have violated this Court's Order compelling Rule 30(b)(6) depositions and committed various other discovery abuses (Dkt. #69). Defendants subsequently filed their motion in opposition to Plaintiff's motion (Dkt. #75) and a motion for a protective order, which also raises arguments in opposition to some of the issues presented in Plaintiff's motion for contempt (Dkt. #78). On May 18, 2007, Defendants also filed their motion to stay this litigation pending the reexamination of all nine asserted Magna Donnelly

1

("Donnelly") patents, presently underway, by the United States Patent & Trademark Office ("USPTO").  All motions were referred for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A).  A June 13, 2007, hearing was held on Plaintiff's motion for contempt and Defendants' motion for stay, in which unresolved issues were addressed.[1]

For the reasons stated on the record and indicated below, **IT IS ORDERED THAT**:

1. Plaintiff's motion for contempt is **DENIED** because Plaintiff has failed to show that Defendants acted with sufficient bad faith to warrant holding them in contempt of court.

2. Defendants' motion for stay is taken under advisement while the Court awaits additional briefings by both parties.  Currently, the USPTO is conducting reexaminations of all nine of the patents-in-suit.  Moreover, the USPTO has already issued several office actions in which it has rejected a number of Plaintiff's claims.   USPTO examinations may result in a substantial change in Plaintiff's claims, thereby seriously altering the course of this litigation. Accordingly, it is **ORDERED** that Defendants shall provide the Court on or before June 25, 2007, a supplemental brief on their motion to stay, which incorporates the latest findings of the USPTO.  Plaintiff shall provide a response on or before July 10, 2007.

3. The parties have agreed that the following depositions will take place under the

---

[1] On June 1, 2007, Plaintiff filed its emergency motion seeking that the Court reschedule the hearing on Defendants' motion to limit the number of asserted claims and for protective order for June13, 2007 (Dkt. #109).  In order to maximize efficiency and reduce costs, the original hearing on Defendants' motion scheduled for May 23, 2007, was adjourned pending the resolution of Defendants' motion to stay this litigation pending the reexamination of all nine asserted Magna Donnelly patents by the United States Patent & Trademark Office.  As noted above, Defendants' motion to stay was taken under advisement following discussions at the June 13, 2007, hearing.  Therefore, Defendants' present motion is **DENIED** as moot.  If Defendants' motion to stay is not granted, then Defendants' motion to limit the number of asserted claims and for a protective order will be scheduled for a hearing at the next available date.

2

indicated restrictions, where noted, regardless of whether and prior to a stay being put into effect:

>   (A.) The depositions scheduled for June 13, 2007, and June 14, 2007, shall take place as planned.
>
>   (B.) The deposition of Duane Recker shall be reconvened in his individual capacity, and in his capacity as a Rule 30(b)(6) designee of Guardian. As discussed at the hearing, Mr. Recker's deposition is limited to topics covering materials that were not previously disclosed to Plaintiff's counsel prior to Mr. Recker's original deposition, including video tapes and photographs. On or before June 29, 2007, Defendants shall provide Plaintiff with dates on which the deposition of Duane Recker can proceed. Defendants' shall provide dates for Mr. Recker's deposition that are no later than July 12, 2007, or such date as agreed to by Plaintiff's counsel.[2]
>
>   (C.) The continued deposition of Craig Baldwin is taken under advisement, and will not occur prior to any stay being put in effect.
>
>   (D.) Defendants shall be allowed to proceed with their depositions of the General Motors' Expert and two General Motors' Employees identified at the hearing. On or before June 29, 2007, Plaintiff shall provide Defendants with dates on which the depositions of these individuals can proceed. Plaintiff shall provide dates that are no later than July 12, 2007, or such dates as agreed to by Defendants' counsel.

4. Plaintiff's inspection of the prior art trucks scheduled for June 20, 2007, shall proceed as planned.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

---

[2] This Order also resolves Defendants' motion for a protective order as it pertains to issues concerning Mr. Recker's deposition (Dkt. #78).

**SO ORDERED.**

| | |
|---|---|
| Date: June 15, 2007 | s/Steven D. Pepe |
| Ann Arbor, Michigan | United States Magistrate Judge |

CERTIFICATE OF SERVICE

     I hereby certify that on <u>June 15, 2007</u>, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>Dean W. Amburn, Patrice S. Arend, Shuaib Atique, Peter M. Falkenstein, Jeffrey G. Heuer, Kristopher K. Hulliberger, Patrick M. McCarthy, Jeffrey A. Sadowski</u>, and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: <u>not applicable.</u>

                                                                                                                        s/ James P. Peltier
                                                                                                                        James P. Peltier
                                                                                                                        Courtroom Deputy Clerk
                                                                                                                        U.S. District Court
                                                                                                                        600 Church St.
                                                                                                                        Flint, MI 48502
                                                                                                                        810-341-7850
                                                                                                                        pete_peliter@mied.uscourts.gov