UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELLY CORPORATION,
a/k/a MAGNA DONNELLY,

    Plaintiff,

Case No. 05-74444

DISTRICT JUDGE ARTHUR J. TARNOW
v.     MAGISTRATE JUDGE STEVEN PEPE

GUARDIAN INDUSTRIES CORP.,
GUARDIAN AUTOMOTIVE CORPORATION,
GUARDIAN AUTOMOTIVE PRODUCTS, INC.,
GUARDIAN INDUSTRIES DISTRIBUTION
CENTER, INC., and GUARDIAN GLASS COMPANY,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, OR
ALTERNATIVELY CLARIFICATION OF THIS COURT'S NOVEMBER 12, 2008
ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO LIFT STAY (DKT. #212)**

On May 18, 2007, Defendants Guardian Industries Corp., Guardian Automotive Corporation, Guardian Industries Corp., Guardian Automotive Corporation, Guardian Industries Distribution Center, Inc., and Defendants/Counter-Plaintiffs Guardian Automotive Products, Inc. and Guardian Glass Company (collectively, "Guardian"), filed a motion to stay this litigation pending the reexamination of all nine asserted Magna Donnelly ("Donnelly") patents, presently underway, by the United States Patent & Trademark Office ("USPTO") (Dkt. #92).[1] All pretrial

---

[1] The following are the nine patents in suit: United States Patent 5,551,197 ("the 197 patent"); United States Patent 5,704,173 ("the 173 patent"); United States Patent

1

proceedings have been referred (Dkt. #117). A June 13, 2007, hearing was held on Plaintiff's motion for contempt and Defendants' motion for stay. At that hearing it was ordered that Defendants provide a supplemental brief on their motion to stay, which incorporated the latest findings of the USPTO. Plaintiff was allowed to respond (Dkt. #128). Having heard oral arguments on Defendants' motion to stay and after reviewing both parties submissions, and supplemental submissions Defendants' motion for a stay was granted on October 22, 2007 (Dkt. #190) pending the reexamination of all nine asserted Donnelly patents by the USPTO.

On October 14, 2008, Plaintiff filed its motion to lift the stay (Dkt. #196). A November 6, 2008, hearing was held on this motion at which time all unresolved issued were heard. For the reasons stated on the record and indicated below, Plaintiff's motion was granted in part and denied in part. On November 12, 2008, the undersigned ordered that the stay will remain in effect until the USPTO completes its initial reexaminations of the '895 and '719 patents or until February 12, 2009, whichever date is earlier (Dkt. #211). Absent further order of the Court the stay of this litigation will lift as of that date so that Plaintiff may proceed with its case.

On November 26, 2008, Plaintiff filed its Motion for Reconsideration or Alternatively Clarification of this Court's November 12, 2008, Order (Dkt. #212). Local Rule 7.1(g)(3) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(g)(3). The same subsection further states,

---

5,853,895 ("the 895 patent"); United States Patent 5,966,874 ("the 874 patent"); United States Patent 6,068,719 ("the 719 patent"); United States Patent 6,128,860 ("the 860 patent"); United States Patent 6,298,606 ("the 606 patent"); United States Patent 6,319,344 ("the 344 patent"); and United States Patent 6,871,450 ("the 450 patent").

2

"the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

Here, Donnelly asks this Court to strike any statements in the Order suggesting that Donnelly failed to bring features of relevant prior art to the Examiner's attention during the first reexaminations on the premise that the Court made unsupported factual findings regarding inequitable conduct. The Court, however, was neither asked to nor made any factual findings in this regard. Instead, it merely recognized Guardian's arguments for why filing second reexaminations was necessary in view of Donnelly's argument that the second reexaminations were filed to cause delay. This was thought to be clear in Order and thus there is no need for clarification.

In addition, Donnelly asks this Court to strike any statements that the Court and the parties benefitted from the stay on the premise that this was an unsupported factual finding. Donnelly makes two passing arguments in its motion for why it contends the stay was not beneficial. It fails, however, to acknowledge that the Court considered a myriad of factors that support its statements that a stay was beneficial to the Court and the parties. In fact, a number of courts, including this Court, have cited the same factors as an indication that a stay is beneficial. Donnelly has neither cited relevant case law nor shown why the Court's statements are clearly erroneous in view of the evidence.

Because the undersigned has not made any findings of fact in its November 12, 2008, Order regarding prior art presented to the Examiner, it is not necessary to modify that Order.

Moreover, Plaintiff has failed to demonstrate that this Court made a clear, unmistakable and obvious error when it commented on the benefits of the stay in this case. Under these circumstances, Plaintiff has not established a palpable defect in the Court's analysis and therefore Plaintiff's motion for reconsideration is **DENIED**.

The parties to this action may object to and seek review of this Order, within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

s/STEVEN D. PEPE
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 15, 2008

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES THAT A COPY OF THE FOREGOING ORDER WAS SERVED ON THE ATTORNEYS AND/OR PARTIES OF RECORD BY ELECTRONIC MEANS OR U.S. MAIL ON DECEMBER 15, 2008.

s/V. SIMS
CASE MANAGER
